21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Carlos LARA-ACUNA, Defendant-Appellant.
 No. 93-2227.
 United States Court of Appeals, Tenth Circuit.
 March 31, 1994.
 
 ORDER AND JUDGMENT[1]
 Before WHITE, Associate Justice (Ret.);[2] SEYMOUR, Chief Judge; and MOORE, Circuit Judge.
 
 
 1
 Defendant Carlos Lara-Acuna, a confidential informant for the Las Cruces Police Department, told the police a bomb was going to be mailed to the department. The next day, the Las Cruces Postal Office discovered a package containing a bomb addressed to Detective C. Franco.
 
 
 2
 Noting Mr. Lara-Acuna's description of the bomb was "unusually detailed," the police began to investigate his role in the affair. While defendant maintained Ricky Franco had constructed and mailed the bomb, the facts indicated that Mr. Lara-Acuna was responsible for the incident. Particularly damning was defendant's nephew's account describing, in painstaking detail, how he had helped his uncle assemble the bomb.
 
 
 3
 Mr. Lara-Acuna pled guilty to (1) mailing injurious articles in violation of 18 U.S.C. 1716; (2) maliciously conveying false information in violation of 18 U.S.C. 844(e); and (3) unlawful manufacture of a firearm in violation of 26 U.S.C. 5822, 5845(a)(8), 5845(f)(1)(A), 5861(f), and 5871. Finding the victim was a law enforcement officer and the offense of conviction was motivated by the status of the police officer, the district court calculated a three-level increase in the base offense level of each count under U.S.S.G. 3A1.2. The court also added six levels to the base offense level of Count II pursuant to U.S.S.G. 2A6.1(b)(1) because the defendant engaged in conduct evidencing an intent to carry out a threat. Ultimately, the court imposed a sentence of sixty months for each count of the indictment, with the terms to run concurrently.
 
 
 4
 Defendant appeals his sentence. Specifically, he challenges the victim-related adjustment under U.S.S.G. 3A1.2 and the increase for specific offense characteristics under U.S.S.G. 2A6.1(b)(1).
 
 
 5
 Defendant first argues 3A1.2(b) does not mandate a three-level increase in the base offense level simply because the victim was a law enforcement officer. Instead, he maintains the only time this victim-related adjustment is warranted is if a defendant, knowing that a person is a law enforcement officer, assaults the officer in a manner creating substantial risk of serious bodily injury and the assault occurs during the course of the offense or immediate flight therefrom. Defendant's argument is irrelevant because the court did not apply U.S.S.G. 3A1.2(b). It applied 3A1.2(a).
 
 
 6
 Defendant next contests the trial court's application of U.S.S.G. 2A6.1(b)(1). Mr. Lara-Acuna asserts his conversation with the police concerning the bomb did not constitute "threatening communications." Instead, he characterizes the conversation as a warning made in good faith. Further, defendant reasons there is no connection between falsely providing information about who sent the device and any effort to carry out a bomb threat. See United States v. Philibert, 947 F.2d 1467 (11th Cir.1991) (threat occurring nearly two months after the purchase of ammunition did not invoke guideline).
 
 
 7
 Notwithstanding defendant's claims, the court correctly applied U.S.S.G. 2A6.1(b)(1) to the facts of this case. First, Count II charges a violation of 18 U.S.C. 844(e), maliciously conveying false information. Both willfully making a threat or maliciously conveying false information violate 18 U.S.C. 844(e), suggesting that either action would constitute a threatening communication under U.S.S.G. 2A6.1(b)(1). Moreover, the Statutory Index to the Sentencing Guidelines specifically states that U.S.S.G. 2A6.1(b)(1) applies to 18 U.S.C. 844(e). See U.S.S.G.App. A, at 399 (Nov.1, 1992). In this case, Mr. Lara-Acuna sent a bomb through the mail and communicated this action to the Las Cruces Police Department. Unlike Philibert, the communication and action were integrally related. Under these circumstances, the district court correctly added the increase mandated by 2A6.1(b)(1).
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Byron R. White, Associate Justice of the United States Supreme Court, (Ret.), sitting by designation, pursuant to 28 U.S.C. 294(a)